NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RBC BANK (USA), successor in name change
to RBC CENTURA BANK,

                Plaintiff,

v.

J. Scott PETROZZINI and Jill PETROZZINI,

                Defendants.

Civ. No. 12-155

MEMORANDUM OPINION & ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff PNC Bank, N.A.'s, the successor by

merger to RBC Bank (USA), the successor in name change to RBC Centura Bank ("PNC" or

"Plaintiff"), Motion to Dismiss Defendants J. Scott Petrozzini and Jill Petrozzini's (the

"Defendants" or "Petrozzinis") counterclaims [docket # 19].  Defendants oppose the motion [21].

The Court has decided the motion upon the submissions of the parties and without oral argument

pursuant to Fed. R. Civ. P. 78(b).  For the following reasons set forth below, Plaintiff's Motion

will be granted.

     **I.**      **BACKGROUND**

      This matter arises from a collection action initiated by Plaintiff PNC that seeks to collect

sums due and owing pursuant to a note secured by a deed of trust on two unimproved lots located

in North Carolina.  *See* (Compl.) [1].  In response to the Complaint, the Petrozzinis filed their

Answer on March 8, 2012 asserting two counterclaims against Plaintiff, and a third-party

complaint containing three counts against Land Resource LLC, Buffalo Creek LLC, James Ward

and Susan Garren (collectively the "Third-Party Defendants").  In the counterclaim, Defendants

allege that RBC Bank (USA) conspired with the Third-Party Defendants to defraud them in

violation of the New Jersey Consumer Fraud Act (NJCFA) and the common law.   More specifically, Defendants allege that Plaintiff induced Defendants to enter into a loan agreement with them by offering a 5.86% interest rate that lasted for only three years on vacant land that Plaintiff knew would not be developed, despite the developer's assurances to the contrary. (Countercl. ¶ 2) [10].   Defendants further allege that Plaintiff hired an appraiser who purposefully inflated the value of the property and that Plaintiff knowingly concealed or omitted material facts from Defendants, including that the value of the loan was larger than the value of the property.  (*Id.* ¶¶ 5–7).  Based on these allegations Defendants seek compensatory damages, treble damages, punitive damages, interest, attorneys' fees and costs of suit from Plaintiff.

## II.   LEGAL STANDARD

### a.  Motion to Dismiss

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).   Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint.  *See, e.g.*, *PPG Indus., Inc. v. Generon IGS, Inc.,* 760 F. Supp. 2d 520, 524 (W.D. Pa. 2011); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011).  In view of this

2

standard, when considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a [defendant] must plead to state a [counter]claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the allegations in the Defendants' counterclaim and all reasonable inferences that can be drawn therefrom, and construe the counterclaim in the light most favorable to the Defendants. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the counterclaim. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that [defendants have] a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A [counterclaim] has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the Defendants are entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). When considering a Rule 12(b)(6) motion, a court's role is limited to determining whether Defendants are entitled to offer evidence in support of the alleged claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether Defendants will ultimately prevail. *See id.*

### III.    DISCUSSION

Plaintiff raises three arguments as to why the counterclaims should be dismissed. First, Plaintiff argues that Defendants claims are time barred as they were required to be filed within six years of the February 3, 2005 execution and closing date. Second, Plaintiff contends that Defendants' tort claims are barred by the economic loss doctrine. Finally, Plaintiff contends that

3

the Defendants fail to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).   The Court will discuss these matters in turn.

As an initial matter, Plaintiff contends that Defendants' counterclaims should be dismissed as they are barred by the applicable statute of limitations.  Under New Jersey law, claims for fraud and claims for alleged violations of the NJCFA are subject to a six year statute of limitations.  *See* N.J.S.A. § 2A:14-1.  Plaintiff argues that Defendants' fraud and consumer fraud claims expired six years after they executed the note and deed of trust, i.e., February 3, 2011.  (Pl.'s Br. at 5 (citing *Rocco v. J.P. Morgan Chase Bank*, No. 06-2438, 2007 U.S. App. LEXIS 27445, at * 11 (3d Cir. Nov. 28, 2007) (dismissing TILA claims as untimely where claims "were not made within one year of the making of their mortgage").  Defendants, however, contend that the statute of limitations begins to run on discovery of the wrong or of facts that reasonably should lead the Plaintiff to inquire into the fraud.  *See S. Cross Oversees Agency, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999).  In this vein, Defendants argue that they were unaware of any wrongdoing at the time they signed the note and deed of trust.  They contend that they only became aware of the potential of fraud when they had an appraisal preformed in 2010, which suggested that the property only had a value of approximately $17,000.00 as of 2005.  The Court agrees with the Defendants that the statute of limitations on a fraud claim only begins to run from when the fraud was or reasonably should have been discovered.  *See also S. Cross Oversees Agency, Inc.*, 181 F.3d at 425.  Because there is nothing in the pleadings that would suggest that Defendants were on notice of the inflated property value or that the neighborhood would not be developed as of the date of execution, the Court finds that Defendants' claims are not time barred.

Plaintiff additionally contends that Defendants' fraud claims are barred by the economic loss doctrine.  The economic loss doctrine "prohibits plaintiffs from recovering in tort economic

losses to which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir.1995).  New Jersey courts have struggled with the viability of fraud claims to recover for purely economic loss.  *See Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co*., 226 F. Supp. 2d 557, 563 (D.N.J. 2002) (noting split authority for whether fraud claims can stand alongside breach of contract claims).   Although "[n]o New Jersey Supreme Court case holds that a fraud claim cannot be maintained if based on the same underlying facts as a contract claim," *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 144 (3d Cir. 2001), courts are mindful of "[t]he distinction between fraud in the inducement and fraud in the performance of a contract" in deciding whether to apply the economic loss doctrine, *Bracco Diagnostics, Inc*., 226 F. Supp. 2d at 563 (citations omitted).  Courts have held that fraud claims can proceed alongside breach of contract claims where there exists "fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations."  *Id*. (citations omitted); *see also Barton v. RCI, LLC*, No. 10-3657, 2011 WL 3022238, at * 7 (D.N.J. July 22, 2011) (declining to dismiss a NJCFA cause of action where the crux of the case revolved around Defendant's pre-contractual representations).  Here, Defendants have contended that Plaintiff knowingly concealed or omitted material facts from Defendants with the aim of inducing them to purchase the lots.  Consequently, the Court rejects Plaintiff's argument that the economic loss doctrine bars Defendants' counterclaims.

Finally, Plaintiff moves to dismiss the counterclaim because Defendants failed to state the circumstances of the alleged fraud with particularity pursuant to Fed. R. Civ. P. 9(b).  *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud . . . shall be stated with particularity.").  The Third Circuit has interpreted Rule 9(b) to require litigants to inject "precision and some measure of substantiation into [their] allegations of fraud"

5

such as the "date, time, and place." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

Here, Defendants contend that their counterclaims properly specify the facts upon which they claim Plaintiff defrauded them.  This alleged fraud is described as including the following: (1) the lending of over $173,000.00 on vacant land with no utilities or improvements; (2) an interest only loan for a limited 3 years after which a balloon payment would be required; (3) prior dealings between Plaintiff and the developer (a Third-Party Defendant); (4) Plaintiff hiring the appraiser who inflated the actual value of the property; and (5) a 2010 appraisal showing that the approximate value of the property was $17,000 in 2005, the year they purchased the property. (Defs.' Opp'n at 4).  However, it is clear to the Court that Defendants' counterclaim provides little by way of factual support or any particularity with respect to these contentions.  Defendants do not adequately describe the circumstances surrounding these events, nor do Defendants identify any specific communications made by Plaintiff that are alleged to be false, the speaker of such communication, when and where the statements were made, or any specific explanation as to why such statements were false.  Nor have Defendants set forth sufficient facts suggesting that Plaintiff acted in concert with the Third-Party Defendants, acted with the intent to commit fraud, or that Plaintiff knew of the falsity of the representations made by Third-Party Defendants. In short, Defendants fail to meet the heightened pleading standards of Rule 9(b) for fraud-based claims.  Accordingly, the Court will dismiss the counterclaim without prejudice, and grant Defendants 21 days to file an amended counterclaim that includes additional factual allegations to support its claim against Plaintiff.

### IV.    CONCLUSION

For the reasons stated above, it is on this _31st_ day of May, 2012,

ORDERED that Plaintiff PNC Bank, N.A.'s, the successor by merger to RBC Bank (USA), the successor in name change to RBC Centura Bank ("PNC" or "Plaintiff"), Motion to Dismiss Defendants J. Scott Petrozzini and Jill Petrozzini's (the "Defendants" or "Petrozzinis") counterclaims [docket # 19] is GRANTED without prejudice; and it is

ORDERED that Defendants' counterclaims are hereby dismissed; and it is

ORDERED that Defendants may file an amended counterclaim within 21 days of this Order.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

7